IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHIL BRYANT & DEBORAH BRYANT**                                    **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO.: 3:24-CV-260-KHJ-MTP**

**MICHAEL ROSENBERG &**
**THE ARENA GROUP HOLDINGS, INC.**                                  **DEFENDANTS**

### DEFENDANT MICHAEL ROSENBERG'S
### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

The Defendant, Sports Illustrated reporter Michael Rosenberg ("Rosenberg"), moves to dismiss the Complaint in its entirety pursuant to Rule 12 (b) (6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief can be granted.

The Plaintiffs in this case are former Mississippi Governor Phil Bryant ("Gov. Bryant"), and his wife, former Mississippi First Lady Deborah Bryant ("Mrs. Bryant") (collectively "Plaintiffs"). The Plaintiffs bring this case against Rosenberg and Sports Illustrated's former publisher, The Arena Group Holdings, Inc.[1] ("Arena Group") (collectively "Defendants").

This case arises from Rosenberg's article "The Driving Force: How Brett Favre's Demands for Cash Fueled a Scandal." (the "Article"). The story appeared on Sports Illustrated's website on May 18, 2023.[2]  A copy of the Article is attached as Exhibit 1 to the Plaintiffs' Complaint. (Doc. 1).

---

[1] Arena Group filed its Motion to Dismiss on July 15, 2024. (Doc. 4)  Rosenberg joins in this Motion, and the supporting Memorandum Brief (Doc.5), and adopts and incorporates the arguments set forth by Arena Group in support of dismissal.

[2] Upon information and belief, the Article did not appear in print.

In the Complaint, the Plaintiffs assert that numerous portions of the Article are false and defamatory. In its Memorandum Brief in Support of its Motion to Dismiss, the Arena Group provides a comprehensive chart detailing the statements contained in the article that the Plaintiffs claim are actionable. (Doc. 5, pp. 5-8).

This chart, and Arena Group's subsequent analysis of each statement, clearly illustrates that the Plaintiffs' Complaint mischaracterizes what Rosenberg actually wrote. In fact, as Arena Group points out, the Plaintiffs fail to point to a single sentence in the Article that is "clearly and unmistakenly false." Even if the Plaintiffs could point to a false statement of some kind, they fall woefully short of pleading the type of facts necessary to support an allegation of "actual malice," which is of course the applicable standard in a claim of defamation brought by a public figure such as Gov. Bryant.

For this reason, and for the reasons more fully set forth below, the Complaint should be dismissed with prejudice.

## ARGUMENT

Gov. Bryant brings claims of defamation and false light against Rosenberg. Mrs. Bryant also brings a claim against Rosenberg for loss of consortium. The standard applicable to a claim of false light is the same as a claim for defamation. And of course, the claim for loss of consortium is merely derivative of the other claims. For these reasons, if the Court chooses to dismiss the defamation claim, the entire Complaint should also be dismissed.

### A.    Standard of Review

The *Federal Rules of Civil Procedure* require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Each claim must include enough factual allegations "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. <u>Bowlby v. City of Aberdeen</u>, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." <u>Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC</u>, 594 F.3d 383, 387 (5th Cir. 2010).

"Under Mississippi law, the trial court in a defamation case must make the threshold determination of whether the language in question is actionable." <u>Favre v. Sharpe</u>, 2023 U.S. Dist. LEXIS 193928, *8-9 (S. D. Miss. Oct. 30, 2023) (citing <u>Brewer v. Memphis Pub. Co.</u>, 626 F.2d 1238, 1245 (5th Cir. 1980); <u>Hayne v. The Innocence Project</u>, 2011 U.S. Dist. LEXIS 5586, 2011 WL 196128, at *2 (S.D. Miss. Jan. 20, 2011); <u>Mitchell v. Random House, Inc.</u>, 703 F. Supp. 1250, 1258 n.10 (S.D. Miss. 1988) ("a libel action lends itself to judicial scrutiny in the early stages of a defamation lawsuit")).

"Courts considering a motion to dismiss a defamation claim 'routinely' address 'issues' such as whether the statement at bar is capable of a defamatory meaning, ... [or] whether it is protected opinion." <u>Favre</u>, 2023 U.S. LEXIS, at *9 (citing <u>Mitchell</u>, 703 F. Supp. at 1258 n. 10.)

***Dismissals of defamation suits for failure to state a claim occur "with relative frequency."*** <u>Id.</u> (emphasis added). As such, "it is wholly appropriate for the Court to determine on a Motion to Dismiss whether the language used is actionable." <u>Id.</u>

3

### B. Gov. Bryant's claim of Defamation should be dismissed.

Gov. Bryant must first plead facts sufficient to support the allegation that Rosenberg made false and defamatory statements. In the recent case of *Favre v. Sharpe*, this Court provided a detailed analysis of what constitutes a false and defamatory statement in the context of media reports about the Mississippi welfare scandal. Favre v. Sharpe, 2023 U.S. Dist. LEXIS 193928, (S. D. Miss. Oct. 30, 2023)

As Judge Starrett points out, to state a claim for defamation, it is necessary that the defamation be "clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture." Id. at *9 (citing Ferguson v. Watkins, 448 So. 2d 271, 275 (Miss. 1984)). "'[T]he freedom to speak one's mind is not only an aspect of individual liberty—and thus a good unto itself—but also is essential to the common quest for truth and the vitality of society as a whole.'" Id. (citing Hustler Magazine v. Falwell, 485 U.S. 46, 50-51 (quoting Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485 (1984)).

"'Freedom of discussion, if it would fulfill its historic function in this nation, must embrace all issues about which information is needed or appropriate to enable the members of society to cope with the exigencies of their period.' Because the threat or actual imposition of pecuniary liability for alleged defamation may impair the unfettered exercise of these First Amendment freedoms, the Constitution imposes stringent limitations upon the permissible scope of such liability." Id. at *9-10. (citing Greenbelt Coop. Publ'g Ass'n, Inc. v. Bresler, 398 U.S. 6, 12, 90 S. Ct. 1537, 26 L. Ed. 2d 6 (1970)).

"[S]tatements that cannot reasonably be interpreted as stating actual facts about an individual are protected, thus assuring that public debate will not suffer for lack of 'imaginative

4

expression' or the 'rhetorical hyperbole' which has traditionally added much to the discourse of this Nation." Id. at *10.  (citing Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990)).

"The threshold question [for the court] is whether the statement made was defamatory . . . whether the statement bears the meaning ascribed to it by the plaintiff and whether this meaning is defamatory." Id. (citing Fulton v. Miss. Publishers Corp., 498 So. 2d 1215, 1216 (Miss. 1986); Perkins v. Littleton, 270 So. 3d 208, 215 (Miss. Ct. App. 2018)).

As stated above, Arena Group has provided to the Court a comprehensive break down of the statements in the Article which Gov. Bryant deems to be false and defamatory.  Arena Group also correctly points out that none of the statements are "actionable" because the statements are "rhetorical hyperbole and opinion," have been mischaracterized by Bryant as defamatory, or are substantially true. (Doc. 5, pp. 14-23).

Even if Gov. Bryant were able to convince this Court that some of the statements made in the Article are "clearly and unmistakably false," this does not mean that he can survive a motion to dismiss. On the contrary, since he is a public figure, Gov. Bryant must also plead facts supporting a claim that Rosenberg acted with "actual malice." Journal Pub. Co. v. McCullough, 743 So. 2d 352, 359 (1999). The term "actual malice" means that "at the time the comments were published, the speaker either knew them to be false or made them in reckless disregard of their truth.'" S. Health Corp. v. Crausby, 174 So. 3d 916, 921 (Miss. App. 2015).  In fact, "the evidence must show that [the defendant] made a false publication with a high degree of awareness of probable falsity, or must have entertained serious doubts as to the truth of his publication." Id.

In this regard, "[t]he proof of malice must . . . be clear. It is not sufficient 'that the evidence be consistent with the existence of actual malice, or even that it raise a suspicion that the defendant

might have been actuated by malice or a doubt as to his good faith.'" Garziano v. E.I. Du Pont De Nemours & Co., 818 F.2d 380, 389 (5th Cir. 1987).

The Complaint only uses the term "actual malice" once. (Doc. 1, p. 20). The term is used as part of a recitation of the elements of a defamation claim. As such, the allegation that Rosenberg acted with actual malice is clearly conclusory and runs afoul of the requirements of *Twombly*, supra.

For example, there is no factual assertion regarding how the Defendants knew or should have known that statements in the Article were false. There is also no factual assertion that would establish that the Defendants entertained serious doubts as to the truth of the Article.

For all of these reasons, Gov. Bryant's claim for defamation should be dismissed.

**C.     Gov. Bryant claim of False Light should be dismissed.**

The Mississippi Supreme Court chose not to explicitly recognize a "false light" cause of action in Prescott v. Bay St. Louis Newspapers, Inc., 497 So.2d 77, 79 (Miss.1986). Nevertheless, in *Cook v. Mardi Gras Casino*, the Mississippi Supreme Court determined that *Prescott* had "impliedly" acknowledged such a tort, and set forth the elements of such a claim as follows: (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. Cook v. Mardi Gras Casino Corp., 697 So. 2d 378, 382 (Miss. 1997).

*Cook*, as well as other cases that have addressed the tort of false light, have concluded that the tort is subject to the same standards as a defamation claim. *See e.g.*, Hays v. Laforge, 333 So. 3d 595, 608 (Miss. App. 2022). Therefore, Gov. Bryant's false light claim should be dismissed for the same reason his defamation claim should be dismissed.

**D.      Mrs. Bryant's claim for Loss of Consortium should be dismissed.**

Under Mississippi law, a loss of consortium claim is derivative of the underlying tort claim. Byrd v. Matthews, 571 So. 2d 258, 260 (Miss. 1990). Since the underlying claims of defamation and false light should be dismissed, so too should Mrs. Bryant's claim for loss of consortium.

The consortium claim should also be dismissed because the Complaint contains only a one sentence, conclusory statement that the Defendants have caused Mrs. Bryant to suffer a loss of consortium. Without specific factual statements that support causation, the claim should be dismissed pursuant to *Twombly*, supra.

## CONCLUSION

For the above reasons, Rosenberg respectfully requests that this Court dismiss this case pursuant to Rule 12 (b) (6) of the *Federal Rules of Civil Procedure* with prejudice. Rosenberg also prays for any other relief he may be entitled to under the circumstances.

Respectfully submitted, this the 22nd day of July, 2024

CLAYTON O'DONNELL, PLLC
P.O. Drawer 676
Oxford, MS  38655
Telephone:  (662) 234-0900

s/ S. Ray Hill, III
S. RAY HILL, III, MSB# 100088
rhill@claytonodonnell.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notice to all counsel of record.

                                                                <u>s/ S. Ray Hill, III</u>
                                                          S. RAY HILL, III, MSB# 100088