**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

---

PHIL BRYANT & DEBORAH BRYANT,

        Plaintiffs,

        v.                                  Civil No. 3:24-CV-260-KHJ-MTP

MICHAEL ROSENBERG &
THE ARENA GROUP HOLDINGS, INC.,

        Defendants.

---

**DEFENDANT THE ARENA GROUP HOLDINGS, INC.'S**
**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  GOVERNOR BRYANT'S CLAIMS SHOULD BE DISMISSED ........................................... 2

   A.   Governor Bryant Fails to Plead Actual Malice ...................................................... 2

      1.   Plaintiff Applies an Incorrect Legal Standard For Actual Malice ................... 2

      2.   Governor Bryant's Alleged "Indicia" of Actual Malice are Insufficient ......... 3

      3.   The Well-Sourced Article Contradicts the Actual Malice Argument ............. 9

   B.   Governor Bryant Has Not Alleged a "Clear and Unmistakable" False and Defamatory Statement ............................................................................................................. 9

   C.   The Fair Reporting Privilege Precludes Governor Bryant's Claims .................... 10

III. DEBORAH BRYANT FAILS TO PLEAD LOSS OF CONSORTIUM ............................... 10

IV.  CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Amin v. NBCUniversal Media, LLC*,
   No. 5:21-cv-56, 2024 WL 3188768 (S.D. Ga. June 26, 2024) ............................................6, 8

*Anders v. Newsweek, Inc.*,
   727 F. Supp. 1065 (S.D. Miss. 1989) ..................................................................................... 4

*Berisha v. Lawson*,
   973 F. 3d 1304 (11th Cir. 2020) ............................................................................................. 7

*Burrell v. Concept Ag, LLC*,
   No. 4-19-CV-00124-NBB-JMV, 2020 WL 5821972 (N.D. Miss. Sept. 30,
   2020) ...................................................................................................................................... 5

*Cox v. Medical College of Wisconsin*,
   651 F. Supp. 3d 965 (E.D. Wis. 2023) .................................................................................. 11

*Favre v. Sharpe*,
   No. 2:23-cv-42-KS-MTP, 2023 WL 7132949 (S.D. Miss. Oct. 30, 2023) ............................ 10

*Hayne v. The Innocence Project*,
   No. 3:09-cv-218-KS-LRA, 2011 WL 198128 (S.D. Miss. Jan. 20, 2011) .............................. 4

*Johnson v. Delta-Democrat Pub. Co.*,
   531 So. 2d 811 (Miss. 1988) ................................................................................................... 9

*Journal Pub. Co. v. McCullough*,
   743 So. 2d at 365 ........................................................................................................2, 3, 6, 9

*McMurdy v. Boston Scientific Corp.*,
   No. 2:19-cv-301-JRG, 2020 WL 6789349 (E.D. Tex. Aug. 28, 2020) ................................. 11

*Morgan v. Dun & Bradstreet, Inc.*,
   421 F.2d 1241 (5th Cir. 1970) ................................................................................................ 3

*National Ass'n of Government Employees, Inc. v. National Fed'n of Federal
   Employee*,
   844 F.2d 216 (5th Cir. 1988) .................................................................................................. 3

*Rebozo v. Washington Post Co.*,
   637 F.2d 375 (5th Cir. 1981) (Opp. 30) ................................................................................. 6

*Roberts v. Dover*,
   525 F. Supp. 987 (M.D. Tenn. 1981) ..................................................................................... 5

*Snowden v. Pearl River Broadcasting Corp.*,
  251 So. 2d 405 (La. Ct. App. 1st Cir. 1971) (Opp. 28) ............................................................8

*Stegall v. WTWV, Inc.*,
  609 So. 2d 348 (Miss. 1992) ......................................................................................................4

*Stern v. Cosby*,
  645 F. Supp. 2d 258 (S.D. N.Y. 2009) (Opp. 28) .....................................................................8

*US Dominion, Inc. v. Powell*,
  554 F. Supp. 3d 42 (D.D.C. 2021) (Opp. 28) ...........................................................................8

*Westmoreland v. CBS Inc.*,
  596 F. Supp. 1170 (S.D. N.Y. 1984) (Opp. 32) .......................................................................7

*Young v. Gannett Satellite Information Network, Inc.*,
  734 F.3d 544 (6th Cir. 2014) ................................................................................................7, 8

**Statutes, Rules & Regulations**

Rule 12(b)(6) .......................................................................................................................................5

Defendant The Arena Group Holdings Inc. ("Arena Group") respectfully submits this reply in further support of its Motion to Dismiss, Dkt. 5 (the "Motion" or "Mtn") all claims asserted by Plaintiffs Phil and Deborah Bryant for failure to state a claim upon which relief can be granted.

## I.   INTRODUCTION

Plaintiffs' Opposition, Dkt. 13 (the "Opp."), does nothing to cure the Complaint's abject failure to allege actual malice or falsity or to rebut the application of the fair reporting privilege. The Opposition does not point to any allegation that would support an inference that Arena Group knew that the published statements were false or acted with reckless disregard for the truth, as is required to show actual malice. Instead, the Opposition alludes to "indicia" of malice that are largely based on Bryant's misstatements as to the contents of the Article, Opp. at 27-31, and that are untethered to the established legal standard requiring Plaintiff to demonstrate that Arena Group entertained subjective doubt as to the Article's truth. That Governor Bryant denies the allegations discussed and has not been indicted is not disputed or dispositive. If Bryant's "indicia" were enough, no news organization could report on any suspected public corruption in the face of denials from involved officials absent civil or criminal charge. Plaintiff must plead more but has not.

As to alleged falsity, Plaintiff simply rehashes the allegations in the Complaint, which cry defamation based on innuendo, speculation, and conjecture. Such allegations do not satisfy the "strictly enforced" requirement that defamation be "clear and unmistakable" from the words published, and Bryant does not argue to the contrary. As to the fair comment privilege, the Opposition argues only that the Article is not shielded from liability because it "does not tie any specific statement to any particular public record." Opp. 33. That is both a misstatement of the legal standard and irrelevant given the Article's extensive source citations for each allegedly defamatory statement. The Defamation and derivative claims should be dismissed.

1

Finally, Mrs. Bryant does not deny that she relies on nothing more than a bald restatement of the elements for her Loss of Consortium claim but asks the Court to ignore the pleading standard set forth in *Twombly* and *Iqbal* and preserve her claim. It should be dismissed.

## II.      GOVERNOR BRYANT'S CLAIMS[1] SHOULD BE DISMISSED

### A.     Governor Bryant Fails to Plead Actual Malice

The Opposition attempts to distract the Court from Bryant's non-existent actual malice allegations by citing to sources that address the lower standard of common law malice and pointing to purported "indicia" of actual malice. But the very sources cited by Bryant confirm that any alleged "indicia," to the extent relevant at all, do not demonstrate actual malice unless accompanied by allegations that the defendant subjectively knew the information reported was false or otherwise had serious reasons to doubt its accuracy. There are no such allegations here.

#### 1.     Plaintiff Applies an Incorrect Legal Standard For Actual Malice

The Opposition improperly relies on case law and secondary sources addressing the irrelevant standard for common law malice. *See* Opp. 24-25. The very authorities cited by Plaintiff confirm that a defamation claim's actual malice element sets a higher bar, and indicia of common law malice is not sufficient. In *Journal Pub. Co. v. McCullough*, the Supreme Court of Mississippi considered evidence that the defendants were opposed to the plaintiff politically, had written negative stores about him, and were aware that the articles they published would harm plaintiff's political career but found that such evidence "amounts to no more than hatred, ill will, malice in the common law sense, which is not enough." 743 So. 2d at 365. Similarly, the treatise upon which the Opposition heavily relies confirms that "[t]he decisions uniformly reiterate the view that

---

[1] Bryant does not dispute that his False Light claim rises and falls with his Defamation claim, Opp. 4 n.13, nor does he dispute that his claims for injunctive relief and respondent superior are derivative to his claim for defamation, as neither injunctive relief nor respondent superior are even mentioned in the Opposition. Accordingly, these causes of action should be dismissed for the same reasons as the Defamation claim.

2

common law malice in any of its multiple variations is not enough by itself to satisfy the qualitatively different, narrower concept of constitutional actual malice." David Elder, Defamation: A Lawyer's Guide § 7:3 (Oct. 2023 Update). Thus, Bryant cannot rely on allegations of common law malice to demonstrate the actual malice required for his claim in this case.

But even if the lower, common-law standard was sufficient, Bryant has not actually alleged that Arena Group harbored any hatred or ill will toward him, was opposed to him politically, or published the Article with the intent to harm or discredit him. To the extent he seeks to manufacture "indicia" of malice by suggesting that a failure to retract a story at the request of the plaintiff may support such a finding (Opp. at 29-30), a refusal to retract is only indicative of malice when accompanied with allegations or evidence that the defendant knew their statements were false. Plaintiff's own citations confirm that requirement. *See id.* citing *National Ass'n of Government Employees, Inc. v. National Fed'n of Federal Employee*, 844 F.2d 216, 218 (5th Cir. 1988) ("Federation officials admitted the 'wording [of the statement] was wrong' but refused to retract it."); *Morgan v. Dun & Bradstreet, Inc.*, 421 F.2d 1241, 1243 (5th Cir. 1970) (failure to retract or issue corrected report cumulatively evidence of actual malice when combined with fact that defendant admitted falsity).[2] Thus, the Complaint fails to allege even the lower, common-law standard and should be dismissed.

    **2.**    **Governor Bryant's Alleged "Indicia" of Actual Malice are Insufficient**

---

[2] The Opposition argues, for the first time, that Arena Group is liable because "defendants knew they would harm Bryant" and "defendants were not under time constraints." Opp. 29, 31. Such allegations are irrelevant as they are not pled in the Complaint. Further, Plaintiff does not and cannot offer any factual basis for the suggestion that Arena Group "knew they would harm Bryant" nor does he cite any relevance for the timing of publication. Certainly, Bryant does not and cannot allege that Arena Group failed to conduct its normal, thorough review and approval process for the Article. These baseless allegations are as irrelevant as they are meritless.

3

Applying the correct standard, Bryant must plead sufficient facts to "permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Journal Pub. Co*, 743 So. 2d at 361; Mtn. 12-14. Neither the Complaint nor Opposition meets this standard.

The inadequacy of Bryant's pleading is aptly showcased by comparing the Complaint's allegations to the case law cited in the Opposition, as each of those cases contained specific, factual allegations or evidence that the defendants knew the published statements were false or entertained serious doubts as to the truth of the publication. For example, in *Stegall v. WTWV, Inc.*, (Opp. 25), the defendant incorrectly reported that a political candidate had been indicted despite evidence that the reporter was told, by a circuit court clerk, that was false before the broadcast. 609 So. 2d 348, 352 (Miss. 1992). In *Anders v. Newsweek, Inc.*, (Opp. 25), the declarant accused a public official of nepotism for hiring his wife and daughters with knowledge that there were "no nepotism laws prohibiting the hiring of family members." 727 F. Supp. 1065, 1067-68 (S.D. Miss. 1989). And in *Hayne v. The Innocence Project*, (Opp. 25), the plaintiff specifically alleged that the defendant's letter to the Mississippi Board of Medical Licensure urging revocation of the plaintiff's medical license and subsequent press releases intentionally "edited and distorted the actual facts . . . so as to maximize the damage and harm to [plaintiff], his reputation, and his ability to earn a living in his chosen profession" and "edit[ed] their publications in such a way to maximize the false light that was cast on [plaintiff]." No. 3:09-cv-218-KS-LRA, 2011 WL 198128, at *5 (S.D. Miss. Jan. 20, 2011).[3]

Here, Bryant does not allege that Arena Group (or Rosenberg) had actual knowledge that the Article was untrue, accused Bryant of a crime that does not exist, or intentionally edited,

---

[3] Notably, the plaintiff at issue was a medical doctor and expert witness in criminal prosecutions and the Court's discussion of actual malice was presented without finding that the plaintiff was a public figure; thus, even if relevant, *Hayne*'s analysis of actual malice is of little persuasive value.

4

distorted, or omitted known facts. Nor does the Complaint or Opposition allege that Arena Group subjectively doubted the veracity of the Article. Instead, the Opposition relies on purported "indicia" of actual malice that fall into three categories: (1) Bryant's denials and contrary evidence; (2) credibility of sources; and (3) critiques of the Article's content. Not only were many of these "indicia" not alleged in the Complaint, but the Opposition's own citations confirm that these "indicia" are not sufficient to plead actual malice, such that the claim should be dismissed.

a.  *Denials and Allegedly Contrary Evidence*

Bryant asserts that the following are "indicia" of actual malice: (1) "Shad White told Wolfe there was no evidence that Bryant misspent public funds;" (2) "Bryant and VanLandingham told Wolfe they did not have a quid pro quo agreement;" and (3) "The defendants made their accusations despite Bryant's denial." Opp. 27, 29. The Opposition's assertions as to what White, Bryant, or VanLandingham told Wolfe are not in the Complaint and thus irrelevant to this Motion. *Burrell v. Concept Ag, LLC*, No. 4-19-CV-00124-NBB-JMV, 2020 WL 5821972, at *1 (N.D. Miss. Sept. 30, 2020) ("[P]laintiffs may not introduce new facts and theories in an opposition brief to survive Rule 12(b)(6)."). Further, any statements made by White, Bryant, or VanLandingham do not support an allegation of actual malice, because the Article **did not publish** any statement asserting that Bryant misspent public funds or Bryant and VanLandingham had a quid pro quo arrangement. *See generally* Ex. A (Dkts. 1-1 and 1-2).

As to Bryant's claim that the "defendants made their accusations despite Bryant's denial," (Opp. 29), it is undisputed that the Article specifically reported his denial. *See, e.g.,* Compl. 1 ¶ 6.11 ("Bryant's lawyers would later say he had 'no knowledge of or involvement in' the meeting or the $4 million commitment."). Including Bryant's denial is indicative of good faith, or at least negates any inference that the denial was ignored or concealed. *See* David Elder, Defamation: A Lawyer's Guide § 7:17. Further, accepting mere denials as evidence of actual malice would

5

"unnecessarily restrict the ability of the press to perform in its constitutionally protected role as a guardian against possible abuses of power." *Id.* (quoting *Roberts v. Dover*, 525 F. Supp. 987, 993 (M.D. Tenn. 1981)). Bryant's denials do not and cannot establish a valid factual basis for actual malice.

                b.      *Critiques of the Article's Underlying Research and Sources*

The Opposition argues that the following show actual malice: (1) "The Article relies on obviously biased sources;" and (2) "The Article does not conform to journalistic standards of care or ethics." Opp. 30-31. Such allegations, even if true, are insufficient because Bryant must "prove more than an extreme departure from professional standards or personal spite on the part of the defendants" to show actual malice. *Journal Pub. Co.*, 743 So. 2d at 361-62. Bryant does not meet that higher standard or cite any precedent suggesting his lower allegations are sufficient.

The Opposition relies on *Amin v. NBCUniversal Media, LLC*, No. 5:21-cv-56, 2024 WL 3188768 (S.D. Ga. June 26, 2024), as holding "reliance on a furious and biased source proves actual malice" (Opp. 30); however, that is only accurate where the defendant also has a subjective reason to doubt the veracity of the information from that source because of that bias. Indeed, in *Amin*, the deputy head of NBC's Standards told NBC the source was stating "things we have no basis to believe are true" and one reporter cited "a lot of jumping to conclusions" before statements were published. *Id.* at *9, *26; *see also Rebozo v. Washington Post Co.*, 637 F.2d 375, 382 (5th Cir. 1981) (finding sufficient allegation of actual malice where author wrote a memorandum to his editor expressing uncertainty about underlying facts) (Opp. 30). There are no allegations here that suggest Arena Group or Rosenberg entertained such doubts as to the truth of the information provided by the allegedly biased sources.

                c.      *Critiques on Content of the Article*

Bryant also suggests the following are indicia of actual malice: (1) "The referenced communications do not support the Article's accusations;" (2) "The Article's accusations are inherently improbable;" (3) "The accusation that Bryant directed millions of welfare funds to the USM Athletic Foundation is based on rootless speculation;"[4] (4) "The accusations are sensational;" and (5) "The Article recklessly disregards that the average readers would interpret its language as false statements of fact." Opp. 27-30. The Opposition offers no connection between these "indicia" and a finding that Arena Group had serious doubts as to the truth of the statements in the Article and therefore, even if accurate, they cannot support a finding of actual malice.

The Opposition cites cases and secondary sources purportedly suggesting that these "indicia" are sufficient to support a plausible inference of actual malice (Opp. 28-30); however, each case is factually distinguishable and does not support the argument that these "indicia" are sufficient to defeat the Motion to Dismiss. For example, the Opposition relies on cases where the defendant affirmatively misrepresented the credibility of their sources. *See, e.g., Westmoreland v. CBS Inc.*, 596 F. Supp. 1170, 1174 (S.D. N.Y. 1984) (involving misrepresentations of source's military service and orders allegedly received from the plaintiff when source never served under the plaintiff's command) (Opp. 32). The Complaint does not and cannot allege any similar misrepresentations in the Article; rather, the Article disclosed the potential bias of its sources by, for example, reporting where they have been indicted and pled guilty. *See* Ex. A (Dkt. 1-2) at 41. Where bias is disclosed and facts corroborated, no actual malice can be found. *Berisha v. Lawson*, 973 F. 3d 1304, 1312-13 (11th Cir. 2020).

The Opposition also relies on cases where the defendant was aware of objectively contradictory evidence prior to publication. For example, in *Young v. Gannett Satellite Information*

---

[4] Notably, as confirmed in Arena Group's Motion, the Article does not actually accuse Bryant of directing millions of welfare funds to the USM Athletic Foundation. Mtn. 18-19.

7

*Network, Inc.*, (Opp. 32), the court affirmed a finding of actual malice where a journalist subjectively knew it was false to state that the plaintiff police officer was previously fired for having sex while on duty. 734 F.3d 544, 547-48 (6th Cir. 2014). The reporter was armed with a forensic report, reversal of a prior termination decision, and prior court holdings that all contradicted the published statement. *Id.* Bryant does not and cannot make such allegations here.

Bryant also cannot rely on his argument that the statements in the Article are inflammatory, speculative, or inherently improbable to support a finding of actual malice. Opp. 28-29. To support the relevance of these "indicia," the Opposition cites to inapplicable, out-of-circuit authority involving gross factual exaggerations or wholly unsupported speculation that are not pled here and which tend to support an inference that the publisher knew the statements were false, or at least doubted the accuracy. For example, in *Amin* (Opp. 28) the Court found a claim sufficiently stated where NBC referred to a prison doctor as a "uterus collector" where objective evidence showed that he had performed only two (properly approved/consented) hysterectomies on female detainees over three-plus years. 2024 WL 3188768, at *25; *see also, e.g., US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 63 (D.D.C. 2021) (holding claims that Plaintiff "committed the 'biggest crime ever committed in election history against our country and the world'" to be inherently improbable when the Attorney General, numerous government agencies, elected officials, independent audits, and recounts had disproved those claims) (Opp. 28); *Stern v. Cosby*, 645 F. Supp. 2d 258, 279-80 (S.D. N.Y. 2009) (finding statement "inherently improbable that only a reckless person" would have published it where publisher had "obvious reasons to doubt" credibility of the source and ignored improbability in "zeal to write a blockbuster book") (Opp. 28); *Snowden v. Pearl River Broadcasting Corp.*, 251 So. 2d 405, 411 (La. Ct. App. 1st Cir. 1971) (finding actual malice sufficiently stated where radio host undertook no filtering or editing before

8

permitting unidentified callers to baselessly speculate with allegations that a specific doctor was mis-prescribing prescription drugs) (Opp. 29). Unlike the cases cited in the Opposition, the Article's statements are based on Bryant's authenticated text messages, as well as interviews, public records, and court pleadings. *See* Mtn 4. Bryant's baseless assertions that the Article is speculative, sensational, or improbable fall flat and cannot support actual malice.

### 3.  The Well-Sourced Article Contradicts the Actual Malice Argument

The Opposition baldly asserts that Rosenberg "disregarded a mountain of objective evidence" (Opp. 31-32); however, that rhetorical assertion is presented without citation and asks the Court to overlook the Article's innumerable references to public records, text messages, quotes from officials, court dockets, and the *Mississippi Today* reporting. (Mtn. 12-13.) The Complaint does not and cannot meet the actual malice standard because the Article's own citations confirm that Defendants did not entertain a "subjective doubt as to the truth of the [Article]." *Journal Pub. Co*, 743 So.2d at 359. In contrast, and as discussed above, the Opposition is replete with cases where the reporters were aware of falsehoods or otherwise entertained serious doubts as to the truth of the statements they reported. There are no such allegations here.

The Complaint fails to validly support an allegation that Arena Group or Rosenberg knew that the information reported in the well-sourced and well-researched Article was false or had a reason to doubt its accuracy; thus, Bryant's Defamation and derivative claims should be dismissed.

### B.  Governor Bryant Has Not Alleged a "Clear and Unmistakable" False and Defamatory Statement

The Opposition dedicates twenty pages to arguing that the Complaint adequately alleged falsity, (Opp. 4-24), but does not once mention or address the well-established, and strictly enforced, standard that defamation must be "clear and unmistakable from the words themselves and not the products of innuendo, speculation, and conjecture." *Johnson v. Delta-Democrat Pub.*

9

*Co.*, 531 So. 2d 811, 813 (Miss. 1988). And that is because all Plaintiff has to rely upon is his own misinterpretation of the Article based on such innuendo, speculation, and conjecture.

Similarly, the Opposition rejects this Court's recent decision in *Favre v. Sharpe*, (Opp. 4-7) in a futile effort to distinguish that case, all while ignoring the core legal holding that remains undisputed. In *Favre,* the Court dismissed Mr. Favre's defamation claim based on statements made about him (relating to the same welfare scandal at issue here) because hyperbole and opinion are not actionable. No. 2:23-cv-42-KS-MTP, 2023 WL 7132949 (S.D. Miss. Oct. 30, 2023). That remains undisputed and dispositive on certain of Plaintiff's allegations. *See* Mtn. 14-21. Plaintiff also ignores a host of Mississippi and Supreme Court precedent that confirms language similar to that used in the Article, including suggestively criminal terms, is not actionable defamation. *Id.* 14-17. The Article's statements are not false or defamatory and the claim should be dismissed.

C. **The Fair Reporting Privilege Precludes Governor Bryant's Claims**

The Opposition acknowledges, as it must, that the fair reporting privilege is applicable, but argues that Arena Group "does not tie any specific statement to any particular public record" and therefore cannot rely on this privilege. Opp. 33-34. Governor Bryant does not provide any case law to support that argument, and the Article itself confirms that statements concerning Bryant are based on public records including court documents, official reports, and discovery produced in other litigation, including Bryant's prior text messages quoted in the Article. The fair reporting privilege protects Arena Group from liability for the Article. Mtn 22-23.

III. **DEBORAH BRYANT FAILS TO PLEAD LOSS OF CONSORTIUM**

In response to Arena Group's argument that Ms. Bryant relies solely on a bald restatement of the elements for her Loss of Consortium claim (Mtn. 24), the Opposition acknowledges that

10

Ms. Bryant's allegations are sparse, but asks this Court to ignore binding precedent, including *Twombly* and *Iqbal* from the U.S. Supreme Court and let the claim proceed anyway. Opp. 34.

The Opposition's lone support is a single, unpublished, out-of-state court that allegedly found a similarly bare-bones pleading to be sufficient. *Id.* (citing *McMurdy v. Boston Scientific Corp.*, No. 2:19-cv-301-JRG, 2020 WL 6789349, at *5 (E.D. Tex. Aug. 28, 2020)). But *McMurdy* does not support that conclusion and, at best, Plaintiffs overstate the record in *McMurdy*. The *McMurdy* Court did not address sufficiency of the allegations under a *Twombly* and *Iqbal* analysis, only answering whether the "claim should be dismissed because it is derivative of Plaintiffs' underlying claims that fail." *McMurdy,* at *5. Significantly, *McMurdy* was a personal injury case arising from Ms. McMurdy's injuries caused by a surgically implanted pelvic mesh graft that was alleged to have caused detailed, severe, debilitating, and permanent physical injuries. *Id.*, *1; *see also McMurdy,* Dkt. No. 12. No such injuries are, or could be, alleged here, and the Opposition fails to cite even one case where a plaintiff was able to sustain a loss of consortium action based on alleged defamation or any similar (non-physical, debilitating) injury. In contrast, in *Cox v. Medical College of Wisconsin*, a court dismissed bare allegations that a spouse suffered an "injury to her relationship, companionship and support" were insufficient to state a claim for loss of consortium in a defamation action. 651 F. Supp. 3d 965, 1040-41 (E.D. Wis. 2023). No factual basis for the Loss of Consortium claim is provided; thus, it must be dismissed.

**IV.    CONCLUSION**

For the reasons set forth above and in its opening memorandum of law, Arena Group respectfully requests that the Complaint be dismissed.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND (LEAD COUNSEL)
MS Bar No. 104110
susan.egeland@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)

Paul A. Rosenthal
*Pro Hac Vice*
Paul.Rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000
(973) 360 9831 (fax)

Katlyn M. Moseley
*Pro Hac Vice*
Katlyn.Moseley@faegredrinker.com
1500 K. Street N.W., Ste. 1100
Washington, D.C. 20005
(202) 230 5000
(202) 842 8465 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF System which sent notification to all counsel of record.

/s/ *Susan E. Egeland*
SUSAN E. EGELAND